

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. C. Winborn
District Attorney
Civil Courts Building
Houston, Texas

Dear Sir:

> Attention: Robert R. Casey
> Assistant District Attorney

> Opinion No. 0-7184

> Re: Interpretation of Article 1583b,
> V.A.P.C., (Vacation for jailers,
> jail guards and jail matrons).

Your letter of recent date requesting an opinion from this department on the above subject matter is, in part, as follows:

> "I respectfully request your opinion on the interpretation of Article 1583b of the Penal Code, which reads as follows:
>
> ". . .
>
> "The question is whether or not a jail matron, employed in the month of September, 1944, who is entitled to a fifteen (15) day vacation after the first day of September, 1945, must take all subsequent vacations after the first day of September of each following year.
>
> ". . .
>
> "As can be seen from the Article under examination, the matron is not entitled to any vacation until after she has been regularly employed as a matron for a period of at least one year, then she is entitled to fifteen (15) days vacation in each year, with pay, subject to the sheriff having the right to designate the days upon which she shall take a vacation. Has the sheriff the authority to allow the jail matron to take a vacation prior to September 1st of any subsequent calendar year after she has completed one year's service?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 1583b, V.A.P.C., provides as follows:

"Every member of the sheriff's department assigned to duty as jailer, jail guard, or jail matron at any county jail in any city of more than twenty-five thousand (25,000) inhabitants shall be allowed fifteen (15) days vacation in each year with pay, not more than two (2) members to be on vacation at the same time; provided that the provisions of this Section of this Act shall not be applied to any such jailer, jail guard, or jail matron in any city of more than twenty-five thousand (25,000) inhabitants, unless such member shall have been regularly employed as such jailer, jail guard, or jail matron for a period of at least one year.

"Each preceding Federal Census shall determine the population.

"The sheriff having supervision of the county jail shall designate the days upon which each jailer, jail guard, or jail matron shall be allowed to be on vacation.

"The sheriff having supervision of the county jail in any such city who violates any provision of this Article shall be fined not less than Ten Dollars ($10), nor more than One Hundred Dollars ($100)."

It will be noted that by virtue of the plain provisions of Article 1583b, a jail matron at any county jail in any city of more than twenty-five thousand (25,000) inhabitants is entitled to a vacation each year when said jail matron has been employed for a period of one year.

The term "year" is to be construed as a "calendar year" in the absence of anything showing a different meaning. See the following authorities: Douglas v. Acacia Mutual Life Ins. Co., 118 S. W. (2d) 643; Bryant v. State, 97 Tex. Cr. R. 11, 260 S. W. 598, 600; Words and Phrases, Volume 45, page 645, Article 23, subdivision 16, V.A.C.S.

We are unable to find any language in Article 1583b to show that the Legislature intended a different meaning than "calendar year" when it used the term "each year".

In view of the foregoing it is our opinion that a jail matron is entitled to a vacation of fifteen (15) days when she has been regularly employed for a period of one year and a

824

vacation of fifteen (15) days every "calendar year" thereafter. Or stated in another way, the jail matron is entitled to a vacation of fifteen (15) days under the facts presented any time during the year 1946 that the sheriff shall designate.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      J. C. Davis, Jr.
         J. C. Davis, Jr.
           Assistant

By      John Reeves
         John Reeves

JR:fb

